# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-565V
Filed: November 25, 2014
Not for Publication

*************************************
MANDY G. CAIRNES, as Personal     *
Representative of the Estate of         *
WALTER CAIRNES, Deceased,        *
                                      *
        Petitioner,                    *
                                      *      Damages decision based on proffer;
v.                                    *      influenza (flu) vaccine; tetanus
                                      *      (Tdap) vaccine; brachial neuritis;
SECRETARY OF HEALTH           *      cardiac injury; death
AND HUMAN SERVICES,           *
                                      *
        Respondent.                *
                                      *
*************************************

Anne C. Toale, Sarasota, FL, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

       On September 4, 2012, Walter Cairnes filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that he suffered shoulder and cardiac injuries as a result of the trivalent influenza ("flu") and tetanus ("Tdap") vaccinations he received on August 31, 2011.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On February 11, 2013, respondent filed her Rule 4(c) Report, conceding that petitioner was entitled to vaccine compensation for his brachial neuritis but denying that his cardiac injury was vaccine-related.

Mr. Cairnes died on September 21, 2013, from cardiac arrhythmia and cardiomegaly. Med. recs. Ex. 15, at 1.  Mandy G. Cairnes, his spouse, was appointed personal representative of his estate and substituted as petitioner in this action.

On November 24, 2014, respondent filed Respondent's Proffer on Award of Compensation.  The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$40,000.00**, representing compensation for the conceded injury of brachial neuritis.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  The award shall be in the form of a check for **$40,000.00** made payable to petitioner, Mandy G. Cairnes.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 25, 2014                                   /s/ Laura D. Millman
                                                                                  Laura D. Millman
                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MANDY G. CAIRNES, as Personal Representative of the Estate of WALTER CAIRNES, deceased, | ) ) ) ) ) | |
| Petitioner, | ) ) | No. 12-565V Special Master Millman |
| v. | ) ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine Injury-Related Items**

Respondent filed a Rule 4(c) Report on February 11, 2013, conceding that Walter Lewis Cairnes was entitled to vaccine compensation for his brachial neuritis.[1] However, the Rule 4(c) Report denied that his cardiac injury was vaccine-related.

Respondent proffers that, based on the evidence of record, petitioner should be awarded $40,000.00 for the conceded injury of brachial neuritis, and that petitioner is not entitled to any vaccine compensation for his cardiac injury. This amount of $40,000.00 represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

---

[1] Mr. Cairnes died on September 21, 2013, and on February 20, 2014, the State of South Carolina, County of Lancaster, appointed Mandy G. Cairnes, his spouse, as Personal Representative of the petitioner's estate.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:

A. A lump sum payment of $40,000.00 in the form of a check payable to petitioner, Mandy G. Cairnes.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner represents that she is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Walter Lewis Cairnes' estate under the laws of the State of South Carolina.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Walter Lewis Cairnes' estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Walter Lewis Cairnes at the time payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Walter Lewis Cairnes upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

                                                                                               GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4125
Dated:  November 24, 2014                            Fax:     (202) 616-4310